UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMTIH DIVISION

DEBORAH WILKERSON                                                                                    PLAINTIFF

      VS.                                            Civil No. 2:14-cv-2006-MEF

CAROLYN W. COLVIN,                                                                                   DEFENDANT
Commissioner of Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Deborah Wilkerson, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §423(d)(1)(A), 1382c(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. §405(g).

### I.    Procedural Background:

Plaintiff filed her application for SSI on May 31, 2011, alleging an onset date of November 10, 2010, due to rheumatoid arthritis ("RA"), depression, acid reflux, shingles and left-hand problems. (T. 28, 156, 199) Plaintiff's application was denied initially and on reconsideration. (T. 66-69, 76-77). Plaintiff then requested an administration hearing, which was held in front of Administrative Law Judge ("ALJ"), Edward M. Starr, on July 3, 2012. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 47 years of age and had completed the 7th grade. (T. 29) Her past relevant work experience included working as a house keeper at motels off and on from 1984 through 1995, 1998, and 2000 through 2004. (T. 158)

1

On October 3, 2012, the ALJ found Plaintiff's arthralgia and mood disorders severe, however the ALJ found Plaintiff's migraine headaches, acid reflux, thyroid, and bladder problems not severe, as they did not cause more than minimal limitation in her ability to do basic work-like tasks. (T. 12-13) Considering the Plaintiff's age, education, work experience, and the residual functional capacity ("RFC") based upon all of her impairments, the ALJ concluded Plaintiff was not disabled from May 31, 2011, through the date of his decision, October 3, 2012. The ALJ determined Plaintiff had the RFC to perform light work, except she could understand, remember, and carry out simple, routine, and repetitive tasks, respond to usual work situations and routine work changes, respond to supervision that was simple, direct, and concrete, and occasionally interact with supervisions, co-workers, and the public, and occasionally bilaterally handle and reach. (T. 15)

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on November 7, 2013. (T. 1-4) Plaintiff then filed this action on January 7, 2014. (Doc. 1) This case is before the undersigned pursuant to consent of the parties. (Doc. 6) Both parties have filed briefs, and the case is ready for decision. (Doc. 10 and 11)

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart,* 292 F.3d. 576, 583 (8th Cir. 2002). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's decision." *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox, v. Asture,* 495 F.3d 617, 617 (8th Cir. 2007). The AJL's decision must be affirmed if the

record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d, 964, 966 (8th Cir. 2003). The Court considers the evidence that "supports as well as detracts from the Commissioner's decision, and we will not reverse simply because some evidence may support the opposite conclusion." *Hamilton v. Astrue,* 518 F.3d 607, 610 (8th Cir. 2008). If after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel,* 221 F.3d at 1068.

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairments, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

If such an impairment exists, the ALJ must determine whether the claimant has demonstrated that she is unable to perform either her past relevant work, or any other work that exists in significant numbers in the national economy. (20 C.F.R. §416.945). The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the plaintiff has engaged in substantial gainful activity since filing his or her claim; (2) whether the plaintiff has a severe physical and/or mental impairment of combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the

listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the plaintiff is able to perform other work in the national economy given his or her age, education and experience. 20 C.F.R. §404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker,* 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §404.150, 416.920 (2003).

### III.  Discussion:

The Court must determine whether substantial evidence, taking the record as a whole, supports the Commissioner's decision that Plaintiff had not been disabled from the alleged date of onset on November 1, 2010. Plaintiff raises two issues on appeal, which can be summarized as: (A) the ALJ erred when he failed to find Plaintiff's bipolar disorder and PTSD severe impairments; and, (B) the ALJ erred by failing to order intellectual, achievement, and rheumatologic testing. (Doc. 10 pp. 11-15)

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

### Severity of Impairments

Plaintiff argues the ALJ erred when he failed to find the Plaintiff's bipolar disorder and PTSD were not severe. In reviewing the record, the Court finds substantial evidence supported the ALJ's determination of Plaintiff's bipolar disorder and PTSD not severe.

The Commissioner uses a five-step evaluation to determine if a claimant is disabled. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); See 20 C.F.R. § 416.920(a)(4). Step two of the evaluation states that a claimant is not disabled if her impairments are not "severe." *Simmons,* 264

F.3d at 754; 20 C.F.R. § 416.920(a)(4).  An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities.  *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a).  If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007).  It is the claimant's burden to establish that her impairment or combination of impairments are severe. *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000).  Severity is not an onerous requirement for the claimant to meet, *see Hudson v. Bowen,* 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing.  See, e.g., Page, 484 F.3d at 1043-44; *Dixon v. Barnhart,* 353 F.3d 602, 605 (8th Cir. 2003); *Simmons,* 264 F.3d at 755; *Gwathney v. Chater,* 104 F.3d 1043, 1045 (8th Cir. 1997); *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir.1996).

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms (see [20 C.F.R.] § 404.1527). 20 C.F.R. § 404.1508.

Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by medical record.  *Johnston v. Apfel,* 210 F.3d 870, 875 (8th Cir. 2000); see also *Mittlestedt v. Apfel,* 204 F.3d at 852(plaintiff bears the burden to establish

5

severe impairments at step-two of the sequential evaluation).  Thus, the plaintiff had the burden of showing a severe impairment significantly limited her physical or mental ability to perform basic work activities, but the burden of a plaintiff at this stage of the analysis is not great.  *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir. 2001)*.*

In the present case, Plaintiff's PTSD was first mentioned on January 23, 2012, by Jodi Pearson ("Counselor Pearson"), licensed professional counselor at Western Arkansas Counseling and Guidance Center ("WACG"), however Counselor Pearson did not diagnose Plaintiff with PTSD; she was diagnosed with depressive disorder.  The next mention of PTSD was by Alice Salvens ("ANP Slavens"), advanced nurse practitioner at WACG, who assessed Plaintiff with PTSD; however the record was devoid of medical evidence to show that Plaintiff's PTSD would significantly limit Plaintiff's mental ability to do basic work-like activity.  A mere diagnosis is not sufficient to prove disability, absent some evidence to establish a functional loss resulting from that diagnosis.  *See Trenary v. Bowen*, 898F.2d 1361, 1364 (8th Cir. 1990).  Furthermore, Plaintiff did not allege PTDS as a severe impairment in her application for disability. (T. 157, 188-189, 198-199) *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2011)(the fact that claimant did not allege disabling condition in his application is significant).

Furthermore, to establish entitlement to benefits, the plaintiff must show that she had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than twelve months. See 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). Plaintiff failed to show she was unable to engage in any substantial gainful activity due to her PTSD, thus the ALJ's determination of severe impairments was supported by substantial evidence.

Next, Plaintiff argues the ALJ erred when he failed to find Plaintiff's bipolar disorder severe. Plaintiff's bipolar disorder was not mentioned in any of the treating physician's or counselor's records,

6

the first mention of bipolar was with Patricia J. Walz, Ph.D., psychologist and state agency medical consultant, during Plaintiff's mental diagnostic evaluation. (T. 244) In this evaluation, Dr. Walz diagnosed her with bipolar II disorder versus major depression. Plaintiff reported significant irritability and anger with a depressed mood, which Dr. Walz determined might be consistent with bipolar II disorder. (T. 244) There was no evidence to support this determination would last for at least twelve months and the Plaintiff did not allege this impairment when she filed for disability. Like Plaintiff's PTSD, she was merely diagnosed with bipolar II and no evidence was submitted to establish a functional loss resulting from that diagnosis. The Court finds the ALJ did not error when he determined Plaintiff's severe impairments at step two, which did not include PTSD or bipolar II disorder.

### **Development of the Record**

In his next argument, Plaintiff asserts the ALJ failed to develop the record when the ALJ failed to order additional testing. The ALJ owes a duty to a Plaintiff to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d at 748. The ALJ is only required to develop a reasonably complete record. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994).The undersigned find the ALJ fully and fairly developed the record and remand is not necessary.

"A disability claimant is entitled to a full and fair hearing under the Social Security Act." *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) (internal quotations and citation omitted). Where "the ALJ's determination is based on all the evidence in the record, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," the claimant has received a "full and fair hearing." *Id*. (internal quotations and citation

omitted). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Id*. (internal quotations and citation omitted).

> While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo* [*v. Barnhart*], 377 F.3d [801,] 806 [(8th Cir. 2004)]. The Commissioner's regulations explain that contacting a treating physician is necessary only if the doctor's records are "inadequate for us to determine whether [the claimant is] disabled" such as "when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§404.1512(e), 416.912(e).

*Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005).

Plaintiff argues the ALJ erred by when he failed to order intellectual and achievement testing and rheumatologic testing as recommended by state agency medical consultants, Dr. Walz and Dr. Dr. Clifford Evans. Contrary to Plaintiff's allegations, the ALJ properly developed the record in this case.

Plaintiff never presented the claim of the necessity for achievement, intellectual, or rheumatologic testing. While the ALJ must fairly and fully develop the record, *Battles v. Shalala,* 36 F.3d 43, 44 (8th Cir. 1994), he "is not obliged 'to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.' " *Gregg v. Barnhart,* 354 F.3d 710, 713 (8th Cir. 2003) (quoting *Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996)). There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles,* 36 F.3d at 45. *See Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008)

In making his determination of Plaintiff's RFC, the ALJ considered all of the medical evidence presented by the Plaintiff, her testimony, disability reports, treating physician's records, and

consultative examinations. (T. 16-20) The Plaintiff points to Dr. Evans's report for the need of an autoimmune evaluation, however Plaintiff's treating physicians indicated she did not need a rheumatology referral.  While one record indicated Plaintiff need a rheumatology referral, the prior page noted note on the lab work on October 31, 2007, indicated "consider rheumatology consult" "Dr. Floyd- is this referral the best option" and right below that it stated "no doesn't need rheum referral- sec ratio is basically normal stay on Mobic." (T. 343) In 2009, Plaintiff's medical records indicated her RA was doing ok with Mobic, her next treatment was not until 2012. "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012)(quoting *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010)).

    Plaintiff also contends the ALJ erred by failing to order achievement and intellectual testing. The ALJ considered Plaintiff's 7th grade education, learning problems, and the fact she experienced difficulty with memory and concentration. (T. 17) Furthermore, Plaintiff had not received formal mental health treatment prior to January 2012, and when she did receive counseling, she was diagnosed with depressive disorder, not otherwise specified. (T. 17) The ALJ considered the opinion of state agency medical consultant, Dr. Walz, who estimated her level of intellectual functioning was borderline to low average range and provided her with a diagnosis of rule out borderline intellectual functioning. (T. 17, 244) While Dr. Walz indicated Plaintiff's attention and concentration were slightly impaired, she also noted Plaintiff seemed to give up easily. (T. 245) Taking the Plaintiff's alleged limitations, Counselor Pearson's and Dr. Walz's findings into consideration, the ALJ determined Plaintiff's RFC should be limited to work involving only simple, routine, and repetitive tasks, with usual work situations and routine work changes, and where simple, direct and concrete supervision was provided. (T. 18)

The Plaintiff has not demonstrated unfairness or prejudice resulting from the ALJ's failure to contact the medical health care providers to further develop the record. Such a showing is required in order for a case to be reversed and remanded. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993)(absent unfairness or prejudice, we will not reverse or remand). Accordingly, the ALJ did not err in failing to develop the record and his decision is affirmed.

## IV.    Conclusion:

Having carefully reviewed the record as a whole, the undersigned finds that substantial evidence supports the Commissioner's decision denying Plaintiff benefits, and the Commissioner's decision should be affirmed. Plaintiff's Complaint should be dismissed with prejudice.

Dated this 1st day of June, 2015.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE